## SUPREME COURT.

THE BANK OF THE STATE OF MAINE agt. WARREN W. BUEL.

In this case, the *verification* of the complaint and the answer were made by the respective attorneys, upon information and belief, without stating any grounds therefor, and both held to be *insufficient*. The *answer*, therefore, was permitted to stand.

*Albany Special Term, March,* 1857.

ANSWER of the defendant returned :—principal reason therefor being that it was not duly verified, while the complaint was verified.

Motion, that answer stand as defendant's answer.

The verification to complaint was—" A. B. being duly sworn, says he is plaintiff's attorney in this action, and that the foregoing complaint is true to the knowledge of this deponent, except as to those matters stated on information and belief, and as to those matters he believes it to be true. And deponent further says, that the drafts or bills of exchange set out in the complaint are both in the possession of deponent; *and he has heard defendant,* in talking of same, admit, or at least assume, that they were genuine, and that he had the money thereon from the plaintiff; and *the same information* has been communicated to deponent by the president of said bank—(the plaintiff.)"

In verifying the answer, (also done by the attorney,) there was no pretence of *giving any grounds of his belief.*

The Bank of the State of Maine agt. Buel.

Complaint and answer, both, were entirely " on information and belief;" and complaint contained material averments besides the mere genuineness of the drafts, and that defendant had the money thereon from plaintiff.

—————— —————, *for plaintiff,*
—————— —————, *for defendant.*

Gould, Justice. I consider the case in 10*th Howard,* 185, as containing the true doctrine to be applied to verifications like the one to the complaint in this cause. When a pleading is " on information and belief," and the attorney makes the affidavit, he must *give the grounds of his belief,* and the *sufficiency* of those grounds is a question for the courts to determine. The first of these positions I deem clearly required, and properly so, by the Code; the second is founded on the plainest and soundest reason.

It by no means follows, (where an attorney is the proper person to verify a complaint,) that, by a *vague and loose* statement, the opposite party may be called on to make a precise and explicit answer, *under oath;* or that, where a complaint is *clearly and definitely* verified, an attorney (being a proper person to verify the answer) can by a *general and indistinct* statement, deprive the plaintiff of his right to a full and explicit reply *on oath.*

In this case the attorney has stated *some* grounds of his belief; but for *parts* of the complaint, (it *all* being on information, &c.,) and those parts absolutely essential to the plaintiff's right of action, he does not profess to give *any* grounds of his belief; not even the information of his own client. I think his verification insufficient.

The defendant's answer is also verified by the attorney; and his verification, too, is bad, for not giving the *grounds of his belief,* the answer being on information, &c. Still, as the complaint is not duly verified, the answer may stand as an answer in the cause.

Costs of motion to plaintiff on other points.